

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 5, 2019**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 19-40067 |
| SOVRANO, LLC, *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING MOTION FOR ORDER ESTABLISHING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES FOR PROFESSIONALS</u>**

CAME ON FOR CONSIDERATION, the Debtors' Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "<u>Motion</u>"); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and equity security holders; and the Court having found that proper and adequate notice of the Motion and hearing thereon has

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sovrano, LLC (1470); Mr. Gatti's, LP (0879); Gatti's Great Pizza, Inc. (6061); Gigi's Cupcakes, LLC (8356); Gigi's Operating, LLC (0621); Gigi's Operating II, LLC (8396); and KeyCorp, LLC (1251).

been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. All Professionals in these chapter 11 cases may seek compensation in accordance with the following procedures (the "Fee Procedures"):

   a) On or before the tenth (10th) day of each month following the month for which compensation and reimbursement of expenses is sought, each Professional shall submit by email a monthly statement that contains (i) a description of the services rendered, (ii) the time spent, (iii) the hourly rates charged and (iv) the name of the attorney, accountant, other professional or paraprofessional performing the work (the "Monthly Statement") to the following parties (collectively, the "Notice Parties"): (i) counsel for the Debtors, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, Attn: Michael McConnell (michael.mcconell@kellyhart.com) and Nancy Ribaudo (nancy.ribaudo@kellyhart.com); (ii) Sovrano, LLC, 550 Bailey Avenue, Suite 650, Fort Worth, Texas 76107, Attn: Dawn Ragan (dawn.ragan@cr3partners.com); (iii) the Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, Texas 75242, Attn: Erin Schmidt (erin.schmidt2@usdoj.gov); (iv) counsel to Equity Bank, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201, Attn: Toby L. Gerber (toby.gerber@nortonrosefulbright.com) and John Schwartz (john.schwartz@nortonrosefulbright.com) and Hinkle Law Firm LLC, 1617 North Waterfront Parkway, Suite 40, Wichita, Kansas 67206-6639, Attn: Edward J. Nazar (enazar@hinklaw.com). The Monthly Statements will not be filed with the Court.

   b) Each Notice Party shall have fourteen (14) days after the date of service of the Monthly Statement (the "Objection Period") to raise written objections, if any. At the expiration of the Objection Period, the Debtors shall promptly pay the Professional 80% of the fees and 100% of the expenses requested in each Monthly Statement, except

    such fees or expenses that are subject to an objection pursuant to subparagraph (c) below.

c) In the event any Notice Party has an objection to a Monthly Statement, such objecting party shall, within the Objection Period, serve upon the respective Professional and each of the other Notice Parties a written notice of objection (the "<u>Objection Notice</u>"), setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional to whose Monthly Statement an objection has been served shall attempt to resolve the objection consensually. If, however, the parties are unable to reach an agreement on the objection within ten days after service of the Objection Notice, the Professional whose Monthly Statement is subject to an objection shall have the option of (i) filing the Objection Notice, together with the request for payment of the disputed amount, with the Court, or (ii) foregoing payment of the disputed amount until the next hearing on an Interim Fee Application or Final Fee Application (each, as defined herein), at which time the Court will consider and dispose of the Objection Notice, if requested. However, the Debtors will be required to pay promptly any portion of the fees and disbursements requested that are not the subject of an Objection Notice.

d) The first Monthly Statement shall be submitted by each of the Professionals by March 10, 2019, and shall cover the period from the commencement of these cases through February 28, 2019.

e) Any Professional who fails to serve a Monthly Statement for a particular month may subsequently submit a consolidated Monthly Statement for such month(s).

f) Neither the payment nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

g) The service of an Objection Notice shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether or not raised in the Objection Notice. Furthermore, the decision by any party not to serve an Objection Notice to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object

               to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

h) Beginning with the period ending on March 31, 2019, and at three-month intervals (the "Interim Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application for interim approval and allowance of compensation and reimbursement of expenses incurred during the Interim Period (each, an "Interim Fee Application"). Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is sought) on all parties on the official service list filed with the Court. These parties shall have twenty one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including March 31, 2019. Notwithstanding anything to the contrary in the Notice Procedures, a Professional may file a fee application in accordance with any procedures established by a chapter 11 plan in these cases and confirmed by the Court.

i) The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certificate of no objection. Upon and to the extent of allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all unpaid requested fees (including the 20% holdback and expenses).

j) Professionals shall file final applications for compensation and reimbursement (the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

k) Notice given in accordance with this Order shall be deemed sufficient and adequate and in full compliance with the

    applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

  l) The Debtors will include all payments to Professionals in their monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

3. In each Interim Fee Application and Final Fee Application, all Professionals who have been or are hereafter retained pursuant to §§ 327 or 328 of the Bankruptcy Code shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court and all Professionals who are attorneys retained pursuant to §§ 327 or 328 of the Bankruptcy Code shall make a reasonable effort to comply with the requests for information and additional disclosures from the U.S. Trustee as set forth in the U.S. Trustee Guidelines.

4. All Interim Fee Applications and Final Fee Applications shall comply with the Court's Guidelines For Compensation and Expense Reimbursement of Professionals and any other applicable guidelines and court orders.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The requirements of Bankruptcy Rule 6004(a) are waived.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

9. This Court retains jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

### # # # END OF ORDER # # #

**Submitted by:**

*/s/ Nancy Ribaudo*
Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 332-2500
Telecopier:  (817) 878-9280

*Counsel for Debtors and Debtors-in-Possession*

2869051v1