Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Fwy, Suite 1000
Dallas, Texas 75207
(214) 880-0089 Telephone
(469) 221-5003 Facsimile

Attorneys for City of Carrollton, Dallas County
and Tarrant County

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SOVRANO, LLC,** *et al.***,** | § | **Case No. 19-40067** |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

**TAX AUTHORITIES' LIMITED OBJECTION TO EXPEDITED MOTION SEEKING (I) AUTHORITY TO SELL SUBSTANTIALLY ALL OF THE GIGI'S DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND TO ASSUME AND ASSIGN CERTAIN CONTRACTS AND LEASES, (II) APPROVAL OF BUYER PROTECTIONS, BIDDING PROCEDURES AND SALE PROCESS (III) SETTING OF FINAL HEARING TO APPROVE SALE; AND (IV) <u>RELATED RELIEF</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Come now City of Carrollton, Dallas County and Tarrant County (collectively, the "Tax Authorities"), creditors and parties-in-interest, and file this, their Limited Objection to Expedited Motion Seeking (I) Authority to Sell Substantially All of the Gigi's Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and to Assume and Assign Certain Contracts and Leases, (II) Approval of Buyer Protections, Bidding Procedures and Sale Process (III) Setting a Final Hearing to Approve Sale; and (IV) Related Relief (the "Motion") and in support thereof would show the Court as follows:

1. The Tax Authorities are the holders of prepetition claims against Gigi's Cupcakes, LLC (the "Debtor") for year 2018 and 2019 ad valorem business personal property taxes in the aggregate estimated amount of $16,975.53.[1] This amount does not include post petition interest at the state statutory rate of 1% per month to which the Tax Authorities are entitled pursuant to 11 U.S.C. Sections 506(b) and 511.

2. The Tax Authorities hold unavoidable, perfected, pre-eminent liens against all of the Debtor's owned or claimed business personal property to secure their claims for prepetition and/or post petition ad valorem business personal property taxes pursuant to Texas Property Tax Code Sections 32.01 and 32.05.[2] Pursuant to Sections 32.01 and 32.05 of the Texas Property

---

[1] The amount of year 2019 ad valorem business personal property taxes due is an estimated amount that is calculated using the base amount of tax owed for tax year 2018. The actual amount owed will be determined in October 2019 pursuant to Texas Law.

[2] Texas Property Tax Code Section 32.01 provides:

    (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

    (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

…

    (d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Texas Property Tax Code Section 32.05(b) provides:

    (b) … a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

Tax Code, the Tax Authorities' liens, which attach on January 1 of the relevant tax year, are superior to all other liens or interests, regardless of the date any other liens or interests were perfected. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Furthermore, the Tax Authorities' liens are *in solido* liens that float and attach to all after-acquired property of the Debtors. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

3. The Tax Authorities do not object to the sale of the Debtor's assets. However, the Tax Authorities object to the Motion because it proposes a sale that is free and clear of liens without providing for the payment of prepetition business personal property taxes with interest that has accrued at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 at the sale closing;

4. The Tax Authorities object to the Motion to the extent that it provides that secured creditors have the right to credit bid their secured claims against the Debtor at the Auction; absent a provision in the sale order that either provides that the creditor takes the property subject to the Tax Authorities' liens or provides that the creditor must immediately satisfy the liens of the Tax Authorities' whose collateral is affected by the credit bid.

5. The Tax Authorities request that any order approving the sale provides that the Tax Authorities' liens shall attach to the gross sale proceeds with the same validity, priority and extent that they attached to the assets sold and further provides that: (i) the Debtors shall pay the prepetition ad valorem business personal property taxes for tax years 2018 and 2019 to the Tax Authorities with postpetition interest at the state statutory rate of 1% per month pursuant to 11

U.S.C. Sections 506(b) and 511 at the sale closing; and (ii) in the event of a credit bid, the Tax Authorities shall receive payment in full of all taxes owed on the property that is subject to the credit bid at the sale closing or, alternatively, that the Tax Authorities' liens remain attached to the assets subject to the credit bid and become the responsibility of the creditor.

WHEREFORE, premises considered, the Tax Authorities respectfully request that the Court enter an order that provides that the Tax Authorities' liens shall attach to the gross sale proceeds with the same validity, priority and extent that they attached to the assets sold and further provides that: (i) the Debtor shall pay year 2018 and 2019 ad valorem business personal property taxes owed to the Tax Authorities with postpetition interest at the state statutory rate of 1% per month pursuant to 11 U.S.C. Sections 506(b) and 511 at the sale closing; (ii) in the event of a credit bid, the Tax Authorities shall receive payment in full of all taxes owed on the property that is subject to the credit bid at the sale closing or, alternatively, that the Tax Authorities' liens remain attached to the assets subject to the credit bid and become the responsibility of the creditor; and (iii) the Tax Authorities shall receive such other and further relief to which they may be justly entitled.

Dated:  March 8, 2019.

                Respectfully submitted,

                Linebarger Goggan Blair & Sampson, LLP
                2777 N. Stemmons Fwy, Suite 1000
                Dallas, TX 75201
                Ph. No. (214) 880-0089
                Direct  (469) 221-5125
                Fax No. (469) 221-5003
                laurie.huffman@lgbs.com

By:    /s/Laurie A. Spindler_____
       Laurie Spindler Huffman
       SBN 24028720

ATTORNEYS FOR CITY OF CARROLLTON, DALLAS COUNTY AND TARRANT COUNTY

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system or via electronic mail upon Michael A. McConnell, email: michael.mcconnell@kellyhart.com on this 8th day of March 2019.

                /s/ Laurie A. Spindler_____
                Laurie A. Spindler