

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed March 18, 2019**

**United States Bankruptcy Judge**

_____


IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-40067-11 |
| SOVRANO, LLC, ET AL,[1] | § | |
| | § | Chapter 11 |
| DEBTORS. | § | |
| | § | (JOINTLY ADMINISTERED) |

**AGREED ORDER GRANTING
<u>RELIEF FROM THE AUTOMATIC STAY</u>**

CAME ON before the Court the Motion for Approval of Agreed Order under Fed. R. Bankr. P. 4001(d) (the "***Motion***") filed by JPMorgan Chase Bank, N.A. ("***Chase***"), a creditor in the above-referenced case. The Court finds that the Motion was properly served pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sovrano, LLC (1470); Mr. Gatti's, LP (0879); Gatti's Great Pizza, Inc. (6061); Gigi's Cupcakes, LLC (8356); Gigi's Operating, LLC (0621); Gigi's Operating II, LLC (8396); and KeyCorp, LLC (1251).

I:\JPMC\19007\Pld\Agreed Order Lifting Stay.doc

Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate 14-day negative notice language, pursuant to LBR 4001, and that no objection thereto was timely filed. The Court finds that the parties' agreement for stay relief is reasonable and should be approved.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED as provided herein; and it is further

ORDERED that the automatic stay of §362(a) is hereby terminated as to Chase' collateral, consisting of all personal property and equipment ("***Equipment***") of Sovrano, LLC and Gatti's Great Pizza, Inc. located at:

- 1312 East Beltline Road, Richardson, Texas 75081; and
- 2021 N. Town East Boulevard, Suite 900, Mesquite, Texas 75150;

and Chase may proceed to exercise its legal and contractual remedies with respect to the Equipment, including without limitation, repossession and foreclosure thereof, and the 14-day stay period under Fed. R. Bankr. P. 4001(c)(3) shall not apply; and it is further

ORDERED that the Equipment shall not be subject to any sale by the debtors under section 363.

# # # End of Order # # #

Agreed:

**PALMER & MANUEL, PLLC**

By: /s/ Martin J. Lehman
    Martin J. Lehman
    State Bar No. 12172900

Campbell Centre I, Suite 1111
8350 North Central Expressway
Dallas, Texas  75206
Tel. (214) 242-6452
Fax (214) 265-1950
mlehman@pamlaw.com

ATTORNEYS FOR: JPMorgan Chase Bank, N.A.


By:  /s/Nancy Ribaudo
    Michael A. McConnell
    Texas Bar I.D. 13447300
    michael.mcconnell@kellyhart.com
    Nancy Ribaudo
    Texas Bar I.D. 24026066
     nancy.ribaudo@kellyhart.com
    Katherine T. Hopkins
    Texas Bar I.D. 24070737
     katherine.hopkins@kellyhart.com

**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500 Fort Worth, Texas 76102
Telephone: 817/332-2500 Telecopy: 817/878/9774

ATTORNEYS FOR DEBTORS and
DEBTORS IN POSSESSION

I:\JPMC\19007\Pld\Agreed Order Lifting Stay.doc