Michael McConnell
Texas Bar I.D. 13447300
michael.mcconnell@kellyhart.com
Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
Katherine T. Hopkins
Texas Bar I.D. 24070737
katherine.hopkins@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:	817/332-2500
Telecopy:	817/878-9774

*Counsel for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 19-40067-11 |
| SOVRANO, LLC, *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| _____ | § | |

**DEBTORS' OBJECTION TO APPLICATION FOR ADMINISTRATIVE EXPENSE**

The above-referenced debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") hereby file this Objection (the "Objection") to the Application for Administrative Expense and would respectfully show as follows:

**I.	JURISDICTION AND VENUE**

1.	This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sovrano, LLC (1470); Mr. Gatti's, LP (0879); Gatti's Great Pizza, Inc. (6061); Gigi's Cupcakes, LLC (8356); Gigi's Operating, LLC (0621); Gigi's Operating II, LLC (8396); and KeyCorp, LLC (1251).

## II.     BACKGROUND

2.    On January 4, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). On January 7, 2019, the Court entered its order approving the motion requesting joint administration of the Debtors' bankruptcy cases under the lead case of *In re Sovrano, LLC*, Case No. 19-40067 [Docket No. 24, Case No. 19-40067]. Subsequently, on January 25, 2019, KeyCorp, LLC ("KeyCorp") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Court entered its order approving the motion requesting joint administration of the KeyCorp case with the Debtors' bankruptcy cases on February 7, 2019 [Docket No. 98, Case No. 19-40067 and Docket No. 19, Case No. 19-40302].

3.    The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed in any of the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

4.    On February 7, 2019, the Debtors filed their Amended First Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Unexpired Leases as of the Petition Date [Docket No. 101] (the "Motion to Reject"). The Motion to Reject requested rejection of various non-residential real property leases, including the lease agreement (the "Lease") with Morben Realty Co., Inc. ("Morben" or the "Landlord"). Following a hearing, the Court entered its Order granting the Motion to Reject and establishing February 19, 2019 as the effective date for rejection of the lease with Morben.

5.    Subsequently, Morben filed its Application for Administrative Expense (the "Application") [Docket No. 133]. The Application requests the following relief: (i) allowance of its claim for post-petition rent in the amount of $29,830.68 as an administrative expense claim;

(ii) immediate payment of Morben's claim for post-petition rent; and (iii) allowance of Morben's reasonable attorneys' fees in pursuing the Application as an administrative expense claim and immediate payment thereof.

6. The Debtors do not dispute the amount of the requested administrative expense claim with respect to the post-petition, pre-rejection rent ($29,830.68) (the "Post-Petition Rent Claim"). Moreover, the Debtors do not refuse to pay the Post-Petition Rent Claim. Nor do the Debtors deny the liability for the Post-Petition Rent Claim. However, the Debtors file this Objection reflecting their opposition to the requested attorneys' fees and the requested immediate payment of both the Post-Petition Rent Claim and attorneys' fees.

7. Based on the following reasons, the Debtors request that the Court grant the requested allowance of the Post-Petition Rent Claim and deny all other relief requested in the Application.

### III. BASIS FOR RELIEF

**A. Allowance of Attorneys' Fees as an Administrative Expense Claim is Impermissible.**

8. Under section 503(b) of the Bankruptcy Code, parties are allowed to recover administrative expenses "including the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). "[A]s used in [§ 503], [t]he words 'actual' and 'necessary' have been construed narrowly: the debt must benefit [the] estate and its creditors." *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011) (internal quotations and citations omitted). "To qualify as an actual and necessary cost under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the [debtor-in-possession] that benefitted the estate." *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001). Whether a particular expense is an "actual and necessary cost" is a question of fact to be determined "after notice and a hearing." 11 U.S.C. § 503(b). Courts must narrowly construe the words "actual"

and "necessary," and must determine that the claim in fact "benefit[ed the] estate and its creditors." *NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991). Further, "[f]or the overall intent of § 503(b) to be fulfilled, the party alleging that a claim is an administrative expense must establish that the estate as a whole benefitted and not just the individual creditor." *In re Johnston, Inc.*, 164 B.R. 551, 555 (Bankr. E.D. Tex. 1994); *see also In re TransAmerican Nat'l Gas Corp.*, 978 F.2d 1409, 1419 (5th Cir. 1992) *cert. dism'd*, 507 U.S. 1048 (1993).

9. Morben argues that the attorneys' fees incurred in connection with the Application should be afforded administrative expense status. Essentially, Morben seeks an administrative claim for amounts that it could claim under the Lease as if the Lease had been assumed. Morben bears the burden of proving that the attorneys' fees are entitled to administrative expense priority. It has not and cannot prove a right to an administrative expense claim under the Lease as though the Lease has been assumed, when in fact the contract was rejected.

10. Morben's burden is substantial because its Lease was rejected (not assumed) by the Debtors effective as of February 19, 2019. Section 502(g)(1) of the Bankruptcy Code states that "[a] claim arising from the rejection, under section 365 of this title…, of an executory contract…shall be allowed…the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. § 502(g); *see also* 11 U.S.C. § 365(g) (providing that rejection of an executory contract constitutes a breach, and that if the contract has not been assumed then the breach is "immediately before the date of the filing of the petition" which makes the claim a pre-petition claim (§365)(g)(1)). It is clear that the attorneys' fees claim asserted by Morben in

regards to the Application directly arises from the rejection of the Lease. As a result, such claim must be treated, at best, as an unsecured claim.[2]

11. Moreover, the requested attorneys' fees were incurred *after* the rejection of the Lease. Based on this, there is no entitlement to attorneys' fees pursuant to the Lease. And the pursuit of this Application certainly did not provide a benefit to the estate. Nor has Morben attempted to demonstrate any benefit provided to the estate.

12. Furthermore, even if Morben were entitled to attorneys' fees, which the Debtors assert that it is not, Morben has failed to plead and to prove entitlement to attorneys' fees. In addition, the Application is not the proper procedural vehicle to obtain such relief. Generally, "any claimant in a bankruptcy case seeking recovery of postpetition attorneys fees must file a traditional bankruptcy fee application. . . . This is equally true for landlords' counsel." *In re Nucentrix Broadband Networks, Inc.*, 314 B.R. 581, 590 (Bankr. N.D. Tex. 2004); *see also In re Rapides Primary Health Care Center, Inc.*, 352 B.R. 62, 66 (Bankr. W.D. La. 2005) (finding that "attorneys fees and similar costs are recoverable under § 503 only where they are approved under Subsection (2) and § 330, or Subsections 3, 4, and 5").

13. Morben has not complied with these requirements. And further, Morben has failed to even identify the amount or the specific services provided in connection with the alleged attorneys' fees it seeks. There is no question that Morben cannot recover such fees here.

**B.     Immediate Payment of Morben's Post-Petition Rent Claim and/or Attorneys' Fees is Improper.**

14. In addition, Morben asserts that it is entitled to immediate payment of its Post-Petition Rent Claim and attorneys' fees in preparation of this Application. As discussed below,

---

[2] Debtors reserve the right to dispute any assertion of attorneys' fees or costs as an unsecured claim.

Morben is not entitled to immediate payment of any alleged claim, including the Post-Petition Rent Claim.

15. Generally, courts have held that the timing for payment of administrative claims is a matter to be determined within the discretion of the bankruptcy court. *See, e.g., In re Midway Airlines Corp.*, 406 F.3d 229 (4th Cir. 2005); *Varsity Carpet Servs., Inc. v. Colortex Indus., Inc. (In re Colortex Indus., Inc.)*, 19 F.3d 1371, 1384 (11th Cir. 1994); *In re Verco Indus.*, 20 B.R. 664 (B.A.P. 9th Cir. 1982). Although courts vary in exercising their discretion on timing of payments of administrative expenses, courts typically reject arguments by claimants that their administrative expense is legally entitled to payment ahead of other administrative claimants.

16. Specifically, "landlords who did not receive all postpetition rent due prior to rejection of their leases have argued that the trustee's 'timely' performance obligations under section 365(d)(3) and (d)(5) entitle them to payment ahead of other administrative creditors." 4 COLLIER ¶ 503.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). The majority of courts reject such arguments. *Midway*, 406 F.3d 229, 241 (4th Cir. 2005) (noting that there is no Code provision that entitles an administrative expense arising from failure to make payments under section 365(d)(3) to priority over the section 503(b) claims); *see generally In re UTEX Comms. Corp.*, 457 B.R. 549, 569 (Bankr. W.D. Tex. 2011) (finding that payment need not be immediate, but must occur on the effective date of a plan). Essentially, the lessor is required to stand in line with the other administrative expense claimants. *Midway*, 406 F.3d at 241.

17. As previously established, Morben is not entitled to attorneys' fees in connection with this Application. Further, Morben has demonstrated no basis to receive immediate payment of the Post-Petition Rent Claim. While the Court *may* award immediate payment, it is not

required to do so and it should not do so in these circumstances. Debtors anticipate proposing a plan that will satisfy administrative expense claims, such as Morben's Post-Petition Rent Claim. The plan is the appropriate vehicle under which Morben and other similarly-situated creditors should be paid.

18. In addition, there is no justification for providing immediate payment of Morben's Post-Petition Rent Claim, especially in light of the fact that other similarly-situated claimants are not receiving payment now. As a result, the Debtors request that the Court deny Morben's request for immediate payment and allow payment of Morben's Post-Petition Rent Claim to occur contemporaneously with other similarly-situated administrative claimants pursuant to a plan in this bankruptcy case.

## VI. CONCLUSION

For the foregoing reasons, Debtors request that this Court enter an order: (i) denying Morben's request for attorneys' fees; (ii) denying Morben's request for immediate payment of its Post-Petition Rent Claim and attorneys' fees; and (iii) granting such further and other relief as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Michael A. McConnell*
Michael McConnell
Texas Bar I.D. 13447300
michael.mcconnell@kellyhart.com
Nancy Ribaudo
Texas Bar I.D. 24026066
nancy.ribaudo@kellyhart.com
Katherine T. Hopkins
Texas Bar I.D. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3574
Facsimile: (817) 878-9744
*Counsel for Debtors*

## CERTIFICATE OF SERVICE

      I certify that on April 4, 2019, I caused a copy of the foregoing Objection to be served upon all parties receiving notificiaton via ECF notification.

                                                */s/ Katherine T. Hopkins*
                                                Katherine T. Hopkins